UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DERRICK VIRGNE, *on behalf of himself and others similarly situated* | ) ) ) |
| Plaintiff, | ) ) Case No. 1:19-cv-02011 |
| v. | ) ) Hon. Sarah Evans Barker |
| C.R. ENGLAND, INC., | ) ) Hon. Magistrate Mark J. Dinsmore |
| Defendant. | ) ) ) |

## PRELIMINARY APPROVAL ORDER

Plaintiff Derrick Virgne, on behalf of himself and a class of similarly situated persons, ("Plaintiff") and Defendant C.R. England, Inc., ("Defendant" or "C.R. England"), have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement ("Settlement Agreement" or "Agreement"). The Parties reached the Settlement through arm's-length negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Class will fully, finally, and forever resolve, discharge, and release their claims.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed a Motion for Preliminary Approval of Class Settlement ("Motion"). Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the

2

result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Class Notice program and proposed forms of Class Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, terms of the Settlement, Class Counsel's application for an award of Attorneys' Fees and Expenses and request for an Incentive Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's application for a Fee Award, and/or the request for an Incentive Award for Plaintiff; (7) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's application for a Fee Award and request for an Incentive Award for Plaintiff; and (8) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3. Venue is proper in this District.

Provisional Class Certification and Appointment of Class Representative and Class Counsel

4. In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate

3

the need for a trial. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

  5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are satisfied and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class.

> (1) All persons within the United States (2) to whose cellular telephone number (3) C.R. England, Inc., sent a text message (4) using its vendor Twilio as part of its recruitment campaign, (5) after the cellular phone owner replied with the opt out phrase "stop", "stopall", "unsubscribe", "cancel", "end", or "quit", in any combination of uppercase and lowercase letters, (6) between January 1, 2019, and June 30, 2019.

  6. Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

  (a) <u>Numerosity</u>: In the Action, approximately 7,997 individuals are members of the proposed Settlement Class. The proposed Settlement Class is thus so numerous that joinder of all members is impracticable.

  (b) <u>Commonality</u>: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

  (c) <u>Typicality</u>: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged practices, arise from the same legal theories, and allege the same types of

harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983) ("Typicality is satisfied when a plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'")

      (d) <u>Adequacy</u>: Adequacy under Rule 23(a)(4) relates to: (1) whether the proposed class representatives have interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake the litigation at issue. *See, e.g., Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (rejecting argument that representative parties did not fairly represent the class). Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action.

      7. <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. Under Rule 23(b)(3), "[p]redominance is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059 (7th Cir. 2016) (alterations and internal quotation marks omitted). Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class.

5

Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged practices as well as the same legal theories. The superiority requirement is met where class members' claims would be too small to justify individual suits and a class action would save litigation costs by permitting the parties to assert their claims and defenses in a single proceeding.

8. The Court appoints Plaintiff, Derrick Virgne, as Class Representative.

9. The Court appoints Lemberg Law LLC as Class Counsel for the Settlement Class.

10. The Court recognizes that Defendant reserves its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

## Preliminary Approval of the Settlement

11. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 *Newberg on Class Actions* § 11.26. Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

12. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval;

and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

### Approval of Class Notice Program

13. The Court approves the form and content of the Class Notice, substantially in the forms attached as <u>Exhibits B and E</u> to the Settlement Agreement. The Court further finds that the Notice program described in the Settlement is the best practicable under the circumstances. The Notice program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's application for a Fee Award and the request for Incentive Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement. The Settlement Class Notices and Class Notice program constitute sufficient notice to all persons entitled to notice. The Settlement Class notices and Class Notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of Due Process.

14. Kurtzman Carson Consultants LLC ("KCC") shall serve as the Administrator.

15. The Administrator shall implement the Class Notice program, as set forth below and in the Settlement, using the Settlement Class notices substantially in the forms attached as Exhibits to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Class Notice program, as specified in the Settlement and approved by this Preliminary Approval Order.

16. The Administrator shall administer the Notice Plan, including notice under the Class Action Fairness Act, as set forth in the Settlement.

17. The Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall

be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Notice Plan. The Settlement Website shall provide a portal for submitting claims, include hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website until at least thirty (30) days following the Effective Date.

18. The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Notice Plan, as set forth in the Settlement.

### Final Approval Hearing, Opt-Outs, and Objections

19. A Final Approval Hearing shall be held before this Court on January 13, 2021 to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's application for a Fee Award and request for an Incentive Award for the Class Representative should be granted.

20. Any person within the Settlement Class who wishes to be excluded from the Settlement Class may exercise their right to opt-out of the Settlement Class by following the opt-out procedures set forth in the Settlement and in the Notices at any time during the Opt-Out Period. To be valid and timely, opt-out requests must be received by those listed in the Long-Form Notice on or before the last day of the Opt-Out Period, which is 45 days after mailed Notice is sent ("Opt-Out Deadline"), and mailed to the addresses indicated in the Long Form Notice.

21. Any Settlement Class Member may comment in support of, or in opposition to, the Settlement at his or her own expense; provided, however, that all comments and/or objections must be in writing and mailed or hand-delivered to the Clerk of the Court and the Settlement Administrator and postmarked or delivered by no later than the Objection Deadline. Objections may be filed by counsel for a Settlement Class Member, retained at the Settlement Class Member's

expense, though any such counsel must file an appearance in the Action.

22. Each objection must:

(i) set forth the Settlement Class Member's full name, address, and telephone number;

(ii) identify the case name and caption, *Derrick Virgne v. C.R. England, Inc.*, Case No. 1:19-CV-02011;

(iii) identify the phone number of the Settlement Class member at which the Settlement Class Member claims to have received a text message subject to the Settlement;

(iv) contain the Settlement Class Member's original signature or the signature of counsel for the Settlement Class Member;

(v) state that the Settlement Class Member objects to the Settlement, in whole or in part;

(vi) set forth the complete legal and factual bases for the objection, including citations to relevant authorities;

(vii) provide copies of any documents that the Settlement Class Member wishes to submit in support of his/her position; and

(viii) state whether the objecting Settlement Class Member intends on appearing at the Final Approval Hearing either *pro se* or through counsel and whether the objecting Settlement Class Member plans on offering testimony at the Final Approval Hearing.

<u>Effect of Failure to Approve Settlement</u>

23. If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against C.R. England or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

<u>Stay/Bar of Other Proceedings</u>

24. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

25. The Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| **EVENT** | **SCHEDULED DEADLINE** |
|---|---|
| Notice mailing deadline (commencement of Notice Plan) | October 24, 2020 |
| Attorney's Fees and Costs application due by | October 9, 2020 |
| Incentive Award application due by | October 9, 2020 |
| Last day for Class Members to opt-out of Settlement | November 9, 2020 |
| Last day for Class Members to Object to the Settlement | November 9, 2020 |

| | |
|---|---|
| Last day for Class Members to submit claims to recover from the Settlement Fund. | December 8, 2020 |
| Briefs in support of Final Approval due by (including declaration regarding Notice by Settlement Administrator) | December 30 2020 |
| CRE to file certification regarding CAFA notice requirements | December 30, 2020 |
| Final Approval Hearing | January 13, 2021 at 10:15 a.m. in Room 216, United States Courthouse, Indianapolis, Indiana 46204 |

**IT IS SO ORDERED.**

Date: 9/23/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

11